FILED

2019 SEP 17 PM 2: 59

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:19-cr-408-T-33JSS

16 U.S.C. § 1538(a)(1)(E)

STEVEN PHILLIP GRIFFIN, II

18 U.S.C. § 922(g)(1)

## INDICTMENT

The Grand Jury charges:

### Introduction

At all times material to this Indictment:

1.     Steven Phillip Griffin, II, was a resident of the Middle District of

Florida.

2.     Under the regulations implementing the Endangered Species

Act, the southern white rhinoceros *(Ceratotherium simum simum)* was listed

as threatened "wherever found." 50 C.F.R. § 17.11(h).

3.     Under the regulations implementing the Endangered Species

Act, the African elephant *(Loxondonta Africana)* was listed as threatened

"wherever found." 50 C.F.R. § 17.11(h).

4.     Under the regulations implementing the Endangered Species

Act, the African lion *(Panthera leo leo and Panthera leo melanochiata)* was listed

as endangered or threatened depending on where it is found. 50 C.F.R. §

17.11(h).

5.      Under the regulations implementing the Endangered Species Act, the leopard *(Panthera pardus)* is listed as endangered or threatened depending on where it is found. 50 C.F.R. § 17.11(h).

### The Endangered Species Act

6.      The Endangered Species Act, with respect to any threatened or endangered species of fish or wildlife listed pursuant to 16 U.S.C. § 1533, made it unlawful for anyone to deliver, receive, carry, transport, or ship in interstate or foreign commerce, by any means whatsoever and in the course of a commercial activity, any such species. 16 U.S.C. § 1538(a)(1)(E).

7.      "Fish or wildlife" included "any member of the animal kingdom, including without limitation any mammal, fish, bird (including any migratory, non- migratory, or endangered bird for which protection is also afforded by treaty or other international agreement), amphibian, reptile, mollusk, crustacean, arthropod or other invertebrate, and includes any part, product, egg, or offspring thereof, or the dead body or parts thereof." 16 U.S.C. § 1532(8).

8.      "Commercial activity" included "all activities of industry and trade, including, but not limited to, the buying or selling of commodities and activities conducted for the purpose of facilitating such buying and selling:

Provided, however, that it does not include exhibition of commodities by museums or similar cultural or historical organizations." 16 U.S.C. § 1532(2).

9.      United States federal regulations required that all wildlife, or parts thereof, be declared to the United States Customs Service and the United States Fish and Wildlife Service (USFWS) prior to import into the United States. 16 U.S.C. § 1538(e); 50 C.F.R. § 14.61. Federal regulations also required that the USFWS clear all wildlife imported into the United States, and that the importer or his agent make available to the officer the wildlife being imported, as well as all required permits, licenses, or other documents. 50 C.F.R. § 14.52. Federal regulations required that the wildlife only be cleared at certain ports authorized in the regulations, or by permit. 50 C.F.R. § 14.11.

## COUNT ONE
### (Endangered Species Act)

On or about May 18, 2019, and continuing through, and including, June 12, 2019, in the Middle District of Florida, and elsewhere, the defendant,

STEVEN PHILLİP GRIFFIN, II,

did knowingly and unlawfully possess, sell, deliver, carry, transport, and ship, by any means whatsoever, any such species, that is, two southern white rhino horns (*Ceratotherium simum simum*), and four African elephant ivory tusks

(*Loxondonta Africana*), and one African lion skull (*Panthera leo oleo*), and three leopard skulls (*Panthera pardus*).

In violation of 16 U.S.C. § 1538(a)(1)(E).

## COUNT TWO
### (Felon in Possession)

On or about June 12, 2019, in the Middle District of Florida, the defendant,

STEVEN PHILLIP GRIFFIN, II,

knowing he had been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearms and ammunition, that is,

- Smith and Wesson, Model 39-2, .9mm semi-automatic pistol;

- Sturm and Ruger, Model P95, .9mm semi-automatic pistol;

- Browning Arms Company, Model Buck Mark, .22 semi-automatic pistol;

- Colt, Government Model MK IV First Edition, .380 semi-automatic pistol;

- Colt, Government Model MK IV Second Edition, .380 semi-automatic pistol;

- Birmingham Small Arms, .270 WIN, rifle;

- Remington Arms Co, Model 700, .300 WIN, rifle;

- Benelli Armi, Model SD9V3, .12GA shotgun

- Bravo Company Manufacturing, Model BCM4, 5.56MM semi-automatic rifle;

- FN Herstal, Model FN15, .556MM semi-automatic rifle;

- Winchester 30-30 WIN ammunition;

- Winchester 40 S&W ammunition;

- R-P223 Rem ammunition; and

- R-P 9mm luger ammunition.

In violation of 18 U.S.C. §§ 922(g)(1), and 924(a)(2).

## FORFEITURE

1.　The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 16 U.S.C. § 1540(e)(4), 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c).

2.　Upon conviction of a violation of 16 U.S.C. § 1538, the defendant shall forfeit to the United States pursuant to 16 U.S.C. § 1540(e)(4) and 28 U.S.C. § 2461:

　　　a.　All fish or wildlife or plants taken, possessed, sold, purchased, offered for sale or purchase, transported, delivered, received, carried, shipped, exported, or imported contrary to the provisions of this chapter, any regulation made pursuant thereto, or any permit or certificate issued hereunder; and

b.    All guns, traps, nets, and other equipment, vessels, vehicles, aircraft, and other means of transportation used to aid the taking, possessing, selling, purchasing, offering for sale or purchase, transporting, delivering, receiving, carrying, shipping, exporting, or importing of any fish or wildlife or plants in violation of this chapter, any regulation made pursuant thereto, or any permit or certificate issued.

3.    Upon conviction of a violation of 18 U.S.C. § 922(g), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

4.    The property to be forfeited includes, but is not limited to, the following:

a.  two southern white rhino horns (*Ceratotherium simum simum*);

b.  four African elephant ivory tusks (*Loxondonta Africana*);

c.  one African lion skull (*Panthera leo oleo*);

d.  three leopard skulls (*Panthera pardus*);

e.  Smith and Wesson, Model 39-2, .9mm semi-automatic pistol;

f.  Sturm and Ruger, Model P95, .9mm semi-automatic pistol;

g.  Browning Arms Company, Model Buck Mark, .22 semi-automatic pistol;

h.  Colt, Government Model MK IV First Edition, .380 semi-automatic pistol;

i.  Colt, Government Model MK IV Second Edition, .380 semi-automatic pistol;

j.  Birmingham Small Arms, .270 WIN, rifle;

k.  Remington Arms Co, Model 700, .300 WIN, rifle;

l.  Benelli Armi, Model SD9V3, .12GA shotgun

m. Bravo Company Manufacturing, Model BCM4, 5.56MM semi-automatic rifle;

n.  FN Herstal, Model FN15, .556MM semi-automatic rifle;

o.  Assorted Winchester 30-30 WIN ammunition;

p.  Assorted Winchester 40 S&W ammunition;

q.  Assorted R-P223 Rem ammunition; and

r.  R-P 9mm luger ammunition

5.      If any of the property described above, as a result of any act or

omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third

party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be

divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____

Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____

Lisa M. Thelwell
Assistant United States Attorney

By: _____

Amanda L. Riedel
Assistant United States Attorney
Acting Chief, Special Victims Section

8

## UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

STEVEN PHILLIP GRIFFIN, II

## INDICTMENT

Violations:   16 U.S.C. § 1538(a)(1)(E)
18 U.S.C. § 922(g)(1)

A true bill,

_____
Foreperson

Filed in open court this 17th day

of September, 2019

_____
Clerk

Bail $_____